IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRAMERCY FUNDS MGMT. LLC, and GRAMERCY PERU HOLDINGS LLC, 20 Dayton Avenue Greenwich, Connecticut 06830<br><br>        *Petitioners*,<br><br>    v.<br><br>THE REPUBLIC OF PERU,<br><br>        *Respondent*. | )<br>)<br>)<br>)<br>) Case No. 23-CV-<br>)<br>)<br>) |

**PETITION TO RECOGNIZE AND CONFIRM ARBITRAL AWARD**

1. Petitioners Gramercy Funds Management LLC ("GFM") and Gramercy Peru Holdings LLC ("GPH") (together, "Gramercy"), by and through undersigned counsel, submit this Petition to recognize and confirm the certified and redacted arbitral award ("Award") issued on December 6, 2022, and corrected on January 13, 2023, by an arbitral tribunal seated in Paris, France (the "Tribunal"), in International Centre for the Settlement of Investment Disputes ("ICSID") Case No. UNCT/18/2 against Respondent, the Republic of Peru ("Peru"). A certified copy of the Award is attached as Exhibit A, filed concurrently with and in support of this Petition.

2. Petitioners bring this action for summary recognition, confirmation and entry of judgment under Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq.*, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 ("New York Convention").

3. The Tribunal awarded compensation for Gramercy's substantive claims in the amount of $33,222,630, plus interest at the rate of 7.22% compounded annually, with accrual

1

starting on January 1, 2009 and continuing until the date of full payment, which the Tribunal directed to be paid to GPH.  Award (Ex. A), ¶ 1396(iv).  The Tribunal also ordered Peru to pay a portion of Gramercy's share of the arbitration costs, in the amount of $771,388.92, and of Gramercy's legal costs, in the amount of $9,860,000, plus interest on both amounts at the rate of 7.22%, compounded annually from the date of the Award until the date of full payment.  *Id*. ¶ 1396(v).

4. As of March 14, 2023, the total amount due under the Award is approximately $100,267,823.  To date, Peru has not paid any portion of the Award.

5. Accordingly, Gramercy requests that this Court:  (1) enter an order recognizing and confirming the Award; (2) enter judgment in Gramercy's favor against Peru in the amount of the Award, plus post-Award interest awarded therein until the date of judgment, plus post-judgment interest at the Tribunal-ordered rate until full payment, plus the costs of this proceeding; and (3) award Gramercy such other and further relief as the Court may find just and proper.

## PARTIES

6. Petitioners GFM and GPH are private companies incorporated under the laws of the State of Delaware.  The business address for both Petitioners is 20 Dayton Avenue, Greenwich, Connecticut 06830.

7. Respondent Peru is a foreign state within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1332, 1391(f), and 1602–11.

8. Peru and the United States signed the United States-Peru Trade Promotion Agreement ("U.S.-Peru TPA") on April 12, 2006, and the treaty entered into force on February 1, 2009.  A copy of the U.S.-Peru TPA is attached to this Petition as Exhibit B.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 9 U.S.C. § 203, which provides that "district courts of the United States . . . shall have original jurisdiction over . . . an action or proceeding" falling under the New York Convention.

10. In addition, this Court has subject matter jurisdiction because this action is a "nonjury civil action against a foreign state" on a claim "with respect to which the foreign state is not entitled to immunity" under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1330(a).

11. Peru is not entitled to immunity from this Court's jurisdiction because the present matter falls within the FSIA's exception for arbitral enforcement. *See* 28 U.S.C. § 1605(a)(6)(B). Pursuant to this exception, immunity does not apply to a petition seeking enforcement of an award governed by the New York Convention, "a treaty or other international agreement in force for the United States calling for the recognition of arbitral awards." *Id.*

12. In addition, Peru expressly or impliedly waived any claim to immunity. *See* 28 U.S.C. § 1605(a)(1); *see also Tatneft v. Ukraine*, 771 Fed. App'x 9, 10 (D.C. Cir. 2019) (mem.) (finding waiver by joining the New York Convention); U.S.-Peru TPA (Ex. B), Arts. 10.26(4)-(9) (providing that "a disputing party shall abide by and comply with an award without delay" and that each State party "shall provide for the enforcement of an award in its territory," including under the New York Convention).

13. This Court has personal jurisdiction over Peru pursuant to the FSIA, 28 U.S.C. § 1330(b).

14. Venue is proper in this Court pursuant to the FSIA, 28 U.S.C. § 1391(f)(4), and the FAA, 9 U.S.C. § 204.

## **THE UNDERLYING DISPUTE**

15. The facts giving rise to the arbitration are not in dispute and have been settled by the Tribunal in its Award. *See* Award (Ex. A). The dispute arose out of Gramercy's investments in Peruvian Agrarian Reform Bonds (the "Land Bonds"). Peru issued the Land Bonds as compensation for the expropriation of more than nine million hectares of land between 1969 and 1979. *See id.* ¶ 116.

16. After periods of hyperinflation and currency devaluation, the value of the Land Bonds eroded to the point that bondholders ceased submitting bond coupons for payment, and Peru ceased payment by 1992. *See id*. ¶¶ 120–122. In 2001, Peru's Constitutional Tribunal struck down as unconstitutional a law establishing that the Land Bonds should be paid at nominal value. It held that the Land Bond debt had to be paid at what it called "current value." *See id*. ¶¶ 124–127. Between 2006 and 2008, Gramercy purchased over 9,700 Land Bonds from local Peruvian individuals. *See id*. ¶¶ 135–136.

17. Through a series of measures, Peru subsequently eviscerated the value of the Land Bonds and reversed the basic legal framework on which Gramercy relied when it acquired them. In 2013, Peru's Constitutional Tribunal issued a decision establishing a methodology to revalue the Land Bonds and ordering the Ministry of Economy and Finance ("MEF") to issue regulations setting a procedure for registering bondholders, quantifying and revaluating the Land Bonds, and paying the Land Bonds debt. *See id*. ¶¶ 138, 785–786. Between 2014 and 2017, the MEF issued a series of Supreme Decrees, which featured valuation formulas that were plagued by mistakes and kept changing in each Supreme Decree with no cogent explanation, and which ultimately had the effect of minimizing the amount payable to bondholders, contrary to the mandate imposed by the Constitutional Tribunal. *See id*. ¶¶ 139–142, 791–813.

**THE ARBITRATION**

18. On June 2, 2016, Gramercy filed its Notice of Arbitration and Statement of Claim against Peru (the "Notice"). In the Notice, Gramercy claimed that Peru had violated the U.S.-Peru TPA. Gramercy filed amended versions of its Notice of Arbitration and Statement of Claim on July 18, 2016, August 5, 2016, and July 13, 2018.

19. Gramercy's Notice was based on Article 10.16 of the U.S.-Peru TPA, which provides for arbitration under the UNCITRAL Arbitration Rules of "a claim that the respondent has breached an obligation" of the TPA.

20. On February 13, 2018, the Tribunal was constituted, chaired by Professor Juan Fernández-Armesto, a national of Spain. Gramercy appointed Mr. Stephen L. Drymer, a Canadian national, and Peru appointed Professor Brigitte Stern, a French national. On May 9, 2018, Professor Fernández-Armesto informed the Secretary-General of International Centre for the Settlement of Investment Disputes ("ICSID") of the Parties' agreement to appoint ICSID as administering authority. On June 29, 2018, the Tribunal designated Paris, France, as the seat of the arbitration.

21. The Tribunal held a hearing on jurisdiction, merits, and quantum on February 8–14, 2020, and heard further oral argument on November 17–18, 2020. Both Peru and Gramercy were represented by counsel and fully participated in the hearings.

**THE AWARD**

22. On December 6, 2022, the Tribunal issued the Award. The majority of the Tribunal ruled that Peru had breached Article 10.5 of the U.S.-Peru TPA through the Supreme Decrees, which among other things imposed an arbitrary method for the revaluation and payment of the Land Bonds. Award ¶¶ 839–990, 1396(iii).

5

23.     The Tribunal awarded compensation to GPH for Gramercy's substantive claims in the amount of $33,222,630, plus interest at the rate of 7.22% per annum, with accrual starting on January 1, 2009, compounded annually and continuing until the date of full payment. *Id*. ¶ 1396(iv).  The Tribunal also ordered Peru to pay a portion of Gramercy's legal fees and costs, in the amounts of $771,388.92 for Gramercy's share of the arbitration costs and $9,860,000 for Gramercy's party costs, plus interest on both amounts at the rate of 7.22% per annum, compounded annually, from the date of the Award and continuing until the date of full payment. *Id*. ¶ 1396(v).

24.     On January 13, 2023, the Tribunal made certain typographical corrections to the Award.  These corrections form part of the Award in accordance with Article 38(3) of the UNCITRAL Arbitration Rules.

25.     As of March 14, 2023, the total amount due to Gramercy under the Award is approximately $100,267,823.  Under the Award, interest will continue to accrue on this amount at the rate of 7.22%, compounded annually, until the date of full payment.

## **LEGAL FRAMEWORK FOR RELIEF**

26.     Article III of the New York Convention obligates contracting parties to recognize foreign and non-domestic arbitral awards as binding and enforce them in accordance with local procedural law.  The United States and Peru are parties to this Convention, as is France, the seat of the arbitration.  *See New York Arbitration Convention, Contracting States*, http://www.newyorkconvention.org/countries.  Proceedings with respect to petitions to confirm awards are "summary in nature" and do not involve "complex factual determinations." *Argentine Rep. v. Nat'l Grid. Plc*, 637 F.3d 365, 369 (D.C. Cir. 2011) ("Confirmation proceedings under the Convention are summary in nature, and the court must grant the confirmation unless it finds that the arbitration suffers from one of the defects listed in the

Convention."); *Int'l Trading and Indus. Inv. Co. v. DynCorp Aerospace Tech.*, 763 F. Supp. 2d 12, 20 (D.D.C. 2011).

27.     The Award in this case falls within the scope of the New York Convention because, pursuant to Article 18 of the UNCITRAL Rules, the Award was "made" in Paris, France, the seat of the arbitration.  *See* New York Convention, Art. I; *Chevron Corp. v. Rep. of Ecuador*, 949 F. Supp. 2d 57, 62 (D.D.C. 2013).  The parties' agreement to arbitrate is found in Chapter 10 of the U.S.-Peru TPA.  *See also* New York Convention, Art. II; *Schneider v. Kingdom of Thailand*, 688 F.3d 68, 71 (2d Cir. 2012) ("The existence of an arbitration agreement . . . is beyond dispute. Thailand, by signing the 2002 Treaty, and [petitioner], by consenting to arbitration, have created a separate binding agreement to arbitrate." (alterations omitted)).

28.     The Award is final and binding on Peru within the meaning of Article V(1)(e) of the New York Convention.  *See* U.S.-Peru TPA (Ex. B), Arts. 10.26(4)–(5).  As Article 10.26(10) of the U.S.-Peru TPA expressly confirms, the Award constitutes, for purposes of the New York Convention, "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement."  9 U.S.C. § 202; *see* U.S.-Peru TPA (Ex. B), Art. 10.26(10). In addition, the waiting period for enforcement proceedings under the arbitral agreement has expired, because more than 90 days have elapsed since the Award was rendered and, upon information and belief, Peru has not commenced a proceeding to revise, set aside, or annul the Award.  *See* U.S.-Peru TPA (Ex. B), Art. 10.26(6)(b)(i).

29.     Under Chapter 2 of the FAA, which implements the New York Convention, the court is therefore required to recognize and confirm the Award "unless it finds one of the

7

grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207; *see also* New York Convention, Art. V; *Argentine Rep.*, 637 F.3d at 369. In this case, none of the narrowly circumscribed grounds for refusing to recognize the Award applies. *See* New York Convention, Art. V. In any event, the party opposing confirmation of an award bears the burden of proof with respect to the existence of a defense under the New York Convention. *See Zeiler v. Deitsch*, 500 F.3d 157, 164 (2d Cir. 2007) ("The burden is a heavy one, as the showing required to avoid summary confirmance is high." (internal quotation marks omitted)); *Chevron*, 949 F. Supp. 2d at 64.

30. Accordingly, the Court should recognize and confirm the Award and enter judgment with respect to the amounts contained therein against Peru.

## COUNT I
## FOR CONFIRMATION OF ARBITRAL
## AWARD PURSUANT TO 9 U.S.C. § 207

31. Petitioner re-alleges and incorporates by reference preceding paragraphs 1 through 30 as if set forth fully herein.

32. A binding arbitration award subject to the New York Convention has been issued in Gramercy's favor.

33. Arbitral awards not "made" in the United States are subject to mandatory recognition and enforcement in the courts of the United States. *See* 9 U.S.C. §§ 201, 207.

34. Duly authenticated originals or certified copies of the arbitral agreement and Award have been submitted together with this Petition. *See* New York Convention, Art. IV; *see also* Award (Ex. A); U.S.-Peru TPA (Ex. B).

35. Peru has not paid any portion of the Award.

36. Accordingly, Gramercy is entitled to an order recognizing and confirming the Award as a judgment pursuant to 9 U.S.C. § 207.

**PRAYER FOR RELIEF**

WHEREFORE, Gramercy respectfully requests that the Court enter judgment in favor of Gramercy and against Peru and requests that the Court issue an order:

(a) Granting this Petition;

(b) Recognizing and confirming the Award in its entirety;

(c) Entering judgment that Peru is liable to pay Gramercy the amount of $100,267,823, as of March 14, 2023, plus interest thereon at the Tribunal-ordered rate of 7.22%, compounded annually, and continuing until the date of full payment;

(d) Awarding Gramercy's attorneys' fees and costs associated with this proceeding; and

(e) Granting any other relief as the Court deems just and proper.

Dated: March 14, 2023
New York, NY

Respectfully submitted,

*/s/* Mark W. Friedman

Mark W. Friedman
D.C. Bar No. NY0328
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, New York 10001
Phone: (212) 909-6000
mwfriedman@debevoise.com

*Of Counsel:*

Ina C. Popova
Sarah Lee
Beatrice A. Walton
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
Phone: (212) 909-6000
ipopova@debevoise.com
slee1@debevoise.com
bawalton@debevoise.com